UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION,

       Plaintiff,

v.                                       Case No.: 2:20-cv-542-FtM-38MRM

SPM THERMO-SHIELD, INC.,
PETER J. SPISKA and
GEORGE P. SPISKA,

       Defendants.
_____/

# **OPINION AND ORDER**[1]

Before the Court are Defendant SPM Thermo-Shield, Inc., Defendant Peter J. Spiska, and Defendant George P. Spiska's Motion to Dismiss (Doc. 8) and Plaintiff Federal Trade Commission's ("FTC") response in opposition (Doc. 10). For the below reasons, the Court denies the Motion.

## BACKGROUND

This is an enforcement action under Section 13(b) of the Federal Trade Commission Act brought by the FTC.  FTC sued SPM Thermo-Shield, Inc. and its principals Peter J. Spiska and George P. Spiska, alleging they make false

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

or unsubstantiated R-value and energy savings claims about their architectural coatings products. (Doc. 1 at ¶ 2). A product's R-value is a measure of its resistance to heat flow: the higher the R-value, the greater the insulating power. (Doc. 1 at ¶ 2, ¶ 18). Defendants claim their Thermo-Shield Roof Coat, Thermo-Shield Exterior Wall Coating, and Thermo-Shield Interior Wall Coating provide significant energy savings for consumers when applied to a home. (Doc. 1 at ¶ 3). They also claim those products have R-values and R-value equivalents of R-20, R-21, R-22, and R-40. (Doc. 1 at ¶ 3). But FTC says these claims are false. (Doc. 1 at ¶ 4).

On July 28, 2020, FTC filed its original complaint, seeking permanent injunctive relief, rescission, or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and any other relief the Court deems just and proper. (Doc. 1 at 13). On October 5, 2020, Defendants moved to dismiss under Federal Rule of Civil Procedure 8(a)(2) and Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). On October 19, 2020, FTC filed its response in opposition. (Doc. 10). The matter is ripe.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly,* 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Defendants move to dismiss on two bases or, alternatively, stay the case. First, Defendants claim the FTC has failed to allege facts sufficient to allow the FTC to sue under Section 13(b). They assert the FTC only alleges past misconduct and does not show a continuing violation. In support of their argument, Defendants cite *FTC v. Shire Viropharma, Inc.*, 917 F.3d 147, 156 (3d Cir. 2019), a Third Circuit case that holds the FTC cannot seek redress solely for past harms. (Doc. 8 at 2).

The Court disagrees with Defendants. Section 13(b) of the FTC Act authorizes the FTC to sue in federal court when it has reason to believe a defendant is violating or about to violate Section 5 of the FTC Act. 15 U.S.C. § 53(b).[2] Here, the FTC has alleged recurring harmful conduct that satisfies the Section 13(b) standard. *See FTC v. Hornbeam Special Situations,* 391 F.

---

[2] Section 5(a) of the FTC Act prohibits "unfair or deceptive acts or practice in or affecting commerce."

Supp. 3d 1218, 1222-23 (N.D. Ga. 2019) (denying a motion to dismiss a Section 13(b) suit because the FTC alleged facts about past bad behavior which includes a pattern of recurrence).

Paragraph 23 alleges "Defendants' conduct is ongoing as of the filing of this Complaint." (Doc. 1 at ¶ 23). Paragraph 24 alleges "the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission." (Doc. 1 at ¶ 24). And the complaint is replete with allegations specifying ongoing violations:

- disseminating advertising with deceptive R-value and energy-savings claims about their Thermo-Shield Coatings since 2014, including through the use of brochures, promotional flyers, and informational flyers. (Doc. 1 at ¶¶ 16-17, 27, 29, 31, 33, 34, 47-48).

- advertising through testimonials on their website about purported energy-savings benefits of Thermo-Shield Coatings. (Doc. 1 at ¶¶ 35-37).

- emailing customers and claiming the high R-values and R-value equivalents associated with Thermo-Shield Coatings result in energy savings. (Doc. 1 at ¶¶ 38-40).

- disseminating deceptive R-value and energy savings claims about the ThermoShield Coatings through their product packaging and labels. (Doc. 1 at ¶¶ 30, 45- 46).

Defendants ignore these allegations and focus on Paragraph 22, which says they removed certain claims from their website after FTC informed them it intended to sue them. (Doc. 1 at ¶ 22). Yet Defendants overlook part of that same paragraph, which says "certain energy savings claims still appear." (Doc. 1 at ¶ 22) (emphasis added). Even this section does not support Defendants'

4

assertion that FTC only pleads past conduct.  There is no reason to dismiss the Complaint when FTC pleads ongoing violations.  *See, e.g.*, *FTC v. NextGen Inc.*, 2018 WL 5310414, at *4 n.6 (W.D. Mo. Sept. 10, 2018); *FTC v. Vyera Pharms. LLC*, 2020 WL 4891311, at *7 (S.D.N.Y. Aug. 18, 2020).

Second, Defendants argue the Court must dismiss FTC's entire case, or at least stay it, because Section 13(b) does not allow the Court to award restitution to redress past harms, again relying on *Shire Viropharma*.  The Court again disagrees.

As the FTC points out, the Eleventh Circuit recently affirmed that "unqualified grant of statutory authority to issue an injunction under section 13(b) carries with it the full range of equitable remedies, including the power to grant consumer redress and compel disgorgement of profits." *FTC v. Simple Health Plans*, 801 Fed. Appx. 685, 687-88 (11th Cir. 2020) (citing *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996)).  Moreover, the Third Circuit's analysis in *Shire ViroPharma* does not address restitution—it only addresses what facts FTC must plead to establish it had reason to believe a violation of the FTC Act is "about to occur."  917 F.3d at 156-59.  So Defendants' second argument for dismissal goes nowhere.

Third, Defendants contend the Court should stay the case pending disposition of two cases pending before the United States Supreme Court.  On July 9, 2020, the Supreme Court granted petitions for certiorari in *AMG*

*Capital Management, LLC v. FTC*, 910 F.3d 417 (9th Cir. 2018), *cert. granted* (U.S. July 9, 2020)(No. 19-508) and *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), *cert. granted* (U.S. July 9, 2020)(No. 19-825) and consolidated the cases for briefing and oral argument to consider whether Section 13(b) of the FTC Act, by authorizing injunctions, also authorizes the FTC to demanded monetary relief such as restitution—and, if so, the limits or requirements for such relief.

The Court denies the request for a stay. A grant of certiorari does not change the law and cannot be a basis to grant a stay. *See, e.g.*, *Schwab v. Sec'y, Dept. of Corr.*, 507 F.3d 1297, 1298 (11th Cir. 2007); *Gissendaner v. Comm'r, Georgia Dept. of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015). Other district courts within the Eleventh Circuit have reached the same conclusion. *See FTC v. On Point Global,* No.19-25046-cv-Scola, 2020 WL 5819809 (Sep. 30, 2020 S.D. Fla.); *FTC v. Hornbeam Special Situations*, No. 1-17-cv-03094-WMR (N.D. Ga. Sep. 10, 2020) (attached as Doc. 10-2).

Finally, Defendants ask the Court to require FTC to amend the Complaint to put forward concise noncontradictory allegations. Because FTC's Complaint puts forth a valid claim, there is no need for an amended complaint.

Accordingly, it is

**ORDERED**:

(1) Defendants' Motion to Dismiss, For More a More Definitive Statement, and/or to Hold/Stay (Doc. 8) is **DENIED**.

(2) Defendants must answer the Complaint on or before **November 20, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 6, 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record