UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                      Case No.:  2:20-cv-542-SPC-MRM

SPM THERMO-SHIELD, INC.,
PETER J. SPISKA, and GEORGE
P. SPISKA,

    Defendants.
_____/

**<u>ORDER</u>**[1]

After granting summary judgment in favor of the Federal Trade Commission, the Court directed the parties to work together to stipulate to the form of a permanent injunction. (Doc. 69). Unable to reach an agreement, the parties separately provided their input on proposed language for a permanent injunction and objections to their opponent's proposal. (Docs. 70, 74, 77). The parties are far apart on what they would agree to be an appropriate permanent injunction. (Compare Doc. 70-1 with Doc. 74-1). Thus, the Court is left to fashion one on its own.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

When doing so, the Court must ensure that "the scope of the injunctive relief does not exceed the identified harm." *Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010) (citing *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) ("While district courts have broad discretion to fashion equitable relief, such relief must target the existing wrong.")). Here, the FTC filed a lawsuit requesting the Court enter a permanent injunction to prevent future violations of the Federal Trade Commission Act by Defendants. (Doc. 38 at 15).

Defendants requested an evidentiary hearing, which the Court took under advisement pending review of the submissions. (Docs. 71, 72). The Court finds that a hearing is unnecessary and will fashion equitable relief from the parties' papers alone.

Accordingly, it is now

**ORDERED:**

1. Defendants' request for oral argument (Doc. 71) is **DENIED**.

2. The Court will enter the permanent injunction separately from this Order.

3. After entering the permanent injunction, the Clerk is **DIRECTED** to enter judgment as stated in the Opinion and Order (Doc. 69) in favor of Plaintiff and against Defendants, terminate any deadlines, and **CLOSE** the case.

3

**DONE** and **ORDERED** in Fort Myers, Florida on May 31, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record