UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                  Case No.:   2:20-cv-542-SPC-MRM

SPM THERMO-SHIELD, INC.,
PETER J. SPISKA, and GEORGE
P. SPISKA,

    Defendants.
_____/

## **PERMANENT INJUNCTION**[1]

Proceeding on an Amended Complaint for a permanent injunction under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Court granted the Commission's Motion for Summary Judgment and request for a permanent injunction. (Doc. 69). Pursuant to the Opinion and Order, the Court enters this permanent injunction.

### FINDINGS

1. This Court has jurisdiction over this matter.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

2. The Commission's Amended Complaint charged that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing of architectural coating products which they purported were the equivalent of adding insulation with particular R-values and would save users up to 50% on heating and cooling costs.

3. It is the view of this Court, based on the facts and evidence in the record and as set forth in its Opinion and Order, that Defendants engaged in the deceptive acts and practices charged in the Amended Complaint and that injunctive relief is appropriate. Accordingly, the Court has granted summary judgment to Plaintiff. (Doc. 69).

## DEFINITIONS

For this Permanent Injunction, the following definitions apply:

1. **"Architectural Coating Product"** means any coating marketed for application on buildings, including paint, paint with additives (such as ceramic spheres), varnishes, and lacquers, and products that incorporate such coatings.

2. **"Corporate Defendant"** means SPM Thermo-Shield. Inc., and its successors and assigns.

3. **"Defendants"** means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4. **"Individual Defendants"** means Peter J. Spiska and George P. Spiska.

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, in connection with the manufacturing, labeling, advertising, promotion, or offering for sale, sale, or distribution of any Architectural Coating Product are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

  A. that any Architectural Coating Product has an R-value equivalent to or substantially similar to the R-value of any other product or system, or provide the equivalent of adding insulation with any specific R-value;

  B. that any Architectural Coating Product provides energy savings, or any particular amount of energy savings; or

  C. the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## II. PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons who are in

active concert or participation with any of them, who receive actual notice of this Order, in connection with the manufacturing, labeling, advertising, promotion, or offering for sale, sale, or distribution of any Architectural Coating Product are permanently restrained and enjoined from making any representation, expressly or by implication:

    A. that Defendants' Architectural Coating Product is equivalent to or substantially similar to the R-value of any other product or system, or provide the equivalent of adding insulation with any specific R-value; or

    B. that Defendants' Architectural Coating Product will provide energy savings, or any particular amount of energy savings, without a disclosure stating, "Energy savings provided by any coating product is dependent on and will vary according to several factors, including, but not limited to, location, climate, building type, and level of construction."

### III. PROHIBITION AGAINST PROVIDING MEANS AND INSTRUMENTALITIES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling,

4

advertising, promotion, offering for sale, sale, or distribution of any Architectural Coating Product, shall not provide to others the means and instrumentalities with which to make, directly or indirectly, expressly or by implication, including through the use of endorsements or trade names, any false, unsubstantiated, or otherwise misleading representation of material fact covered in Sections I and II of this Order.

## IV. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that sells or markets Architectural Coating Products for which such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; and (2) all employees having managerial responsibilities for the marketing of Architectural Coating Products and all agents and representatives who participate in the marketing of Architectural Coating Products. Delivery must occur within 7 days of entry

5

of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

D. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. SPM Thermo-Shield, Inc.*, FTC Matter No. x200050.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. Beginning one year from the date of this Order, and then annually for 10 years, each Defendant must submit a compliance report, sworn under penalty of perjury. Each compliance report must include the following.

1. For each compliance report, the Defendant must: (a) identify the primary physical, postal, and email address and telephone

6

number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses that sell or market Architectural Coating Products by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each such business and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); and (d) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must update their contact information: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

7

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: (date)," signatory's full name, title (if applicable), and signature.

## VI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of this Order and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that sells or markets Architectural Coating Products that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

B. all submissions to the Commission; and

C. a copy of each unique advertisement or other marketing material.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

9

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; and produce documents for inspection and copying.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## VIII. RETENTION OF JURISDICTION

The Court will retain jurisdiction over this Permanent Injunction.

**DONE** and **ORDERED** in Fort Myers, Florida on May 31, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record